UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MICHELLE MURPHY, | ) | CASE NO: |
|  | ) |  |
| Plaintiff, | ) |  |
| v. | ) |  |
|  | ) |  |
| MODERN ASSISTANCE PROGRAMS, INC., JOHN E. CHRISTIAN as President and CEO, DAMIEN TURINI personally and SUZANNE BUMP as Director | ) |  |
| Defendants. | ) |  |

## NOTICE OF REMOVAL

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:**

The Defendants, Modern Assistance Programs, Inc. ("Modern Assistance"), John E. Christian, Damien Turini and Suzanne Bump, pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, hereby file a Notice of Removal of this action from the Massachusetts Superior Court, docket number 2182CV00405, in which court the action was originally filed and is currently pending. In support of this Notice of Removal, the Defendants state as follows:

1. This is an action in which the Plaintiff alleges violations of her federal statutory rights. A copy of the Summons, Complaint and Civil Action Cover Sheet commencing this action is attached hereto as **Exhibit A**.

2. In reciting her purported claims under Count 3, the Plaintiff alleges that "Title VII [of the Civil Rights Act of 1964, see 42 U.S.C. § 2000e, et seq.]. . . prohibit[s] employers from retaliating against employees who challenge, oppose, or report conduct they believe amounts to unlawful workplace harassment or discrimination including sexual

1261410

harassment, as well as harassment or discrimination based upon someone's gender, race, religion, sexual orientation, or national origin." See Exhibit A (Complaint), ¶ 57.

3. The Plaintiff further alleges in Count 3 of the Complaint that "[p]ursuant to the Occupational Safety and Health Act of 1970, employers are responsible for providing safe and healthful workplaces for their employees," that "Section 11(c) of the Occupational Safety and Health Act prohibits retaliation against employees who complaint about unsafe or unhealthful conditions or exercise other rights under the Act," and that [e]mployers are prohibited from retaliating against employees who raise various protected concerns or provide protected information to the employer or to the government. Id. (Complaint) at ¶¶ 58-60.

4. In addition, in Count 3 the Plaintiff alleges that "[r]eporting unwanted sexual harassment and unsafe workplace conditions are a protected act pursuant to . . . federal laws," and that "Mrs. Murphy complained about" purported "unwanted sexual harassment" and "unsafe workplace conditions . . . and as a result was terminated." Id. (Complaint) at ¶¶ 61-62.

5. This Court has original jurisdiction over the foregoing express federal claims pursuant to 28 U.S.C. § 1331, see, e.g., Pedraza v. Holiday Housewares, Inc., 203 F.R.D. 40, 44 (D. Mass. 2001) ("In this case, at the time of removal, this Court acquired subject matter jurisdiction over the entire action due to the well-pleaded federal questions raised by the Title VII discrimination claims"), and the Plaintiff's state law claims under largely duplicative, parallel or related state law provisions such as G.L. c. 151B and others "are so related" thereto "that they form part of the same case or controversy." See 28 U.S.C. § 1367(a). Accordingly, the Defendants are entitled to remove to this Court each of the

claims in the instant case.  See 28 U.S.C. § 1441 (c); Louis v. Legal Sea Foods, LLC, No. 19-CV-10218-ADB, 2019 WL 1255487, at *1 (D. Mass. Mar. 19, 2019) ("The Court also has supplemental jurisdiction over the asserted state law claims, as they 'form part of the same case or controversy," 28 U.S.C. § 1367, given that the state law claims "derive from a common nucleus of operative fact.'" ), quoting City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 165 (1997).

6. Venue in this Court is proper because the Plaintiff alleges that she resides in Norfolk County, and the Defendants have a usual place of business in Norfolk County.

7. The undersigned counsel represents each of the Defendants in this action, and each joins in this petition for removal.

8. The Defendants' instant removal is timely insofar as the Plaintiff first purported to serve the Summons and Complaint on May 27, 2021.

9. A copy of this Notice of Removal will be filed with the clerk of the Trial Court of the Commonwealth of Massachusetts, Norfolk County Superior Court, and served upon the Plaintiff, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, the Defendants respectfully request that the above-referenced action now pending in the Trial Court of the Commonwealth of Massachusetts, Norfolk County Superior Court, be removed to this United States District Court for the District of Massachusetts.

1261410

Signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

        Respectfully submitted,

        MODERN ASSISTANCE PROGRAMS, INC.,
        JOHN E. CHRISTIAN, DAMIEN TURINI AND
        SUZANNE BUMP,

        By their attorneys,

        __/s/ Peter L. Mello_____
        Kier Wachterhauser (BBO# 681772)
        kwachterhauser@mhtl.com
        Peter L. Mello (BBO# 659680)
        pmello@mhtl.com
        Murphy, Hesse, Toomey & Lehane LLP
        300 Crown Colony Drive, Suite 400
        Quincy, MA 02169
        Tel. No. (617) 479-5000
        Fax. No. (617) 4796469

Dated: June 2, 2021

1261410

**CERTIFICATE OF SERVICE**

*I, Peter L. Mello, HEREBY CERTIFY that this document filed through the CM/ECF system on June 2, 2021, will be sent electronically to the registered participants as identified on the NEF (NEF) and paper and email copies will be sent to those indicated as non-registered participants on June 2, 2021, and by email filing upon the Norfolk County Superior Court, norfolkclerksoffice@jud.state.ma.us, and via overnight mail to the following counsel of record:*

Ashly W. Eikelberg, Esq.
Ashly@LawofKF.com
David P. Flanagan, Esq.
FLANAGAN AND ASSOCIATES, LLC
440 Washington Street #4
Weymouth, MA 02188

                                              __/s/ Peter L. Mello_____
                                              Peter L. Mello

1261410